JUDGE SCHMETTERER
CHAPTER 11
INITIAL HEARING DATE:
June 14, 2011, AT 1:30 P.M.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BUCKTOWN STATION, LLC, | ) No. 11 B 02004 |
| Debtor | ) |

NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Tuesday June 14, 2011, at 1:30 p.m.** or as soon thereafter as Counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer** or any judge sitting in his stead in **Courtroom 682**, at the **Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois,** and shall then and there present and request a hearing instanter as to **PNC Bank National Association's** attached **Motion in Limine.**

/s/ John F. Sullivan

John F. Sullivan, 6205900
CROWLEY & LAMB, P.C.
350 North LaSalle Street
Suite 900
Chicago, Illinois 60654
(312) 670-6900

## CERTIFICATE OF SERVICE

    I, John F. Sullivan, an attorney, on oath state that I served this Notice and attached Motion, by mailing a copy to Debtor Bucktown Station, LLC and the 20 Largest Unsecured Creditors (list attached) and depositing same in the U.S. Mail at 350 North LaSalle Street, Chicago, Illinois before 5:00 p.m., on June 10, 2011, with proper postage prepaid and to Debtor's attorney Karen J. Porter, United States Trustee William T. Neary, creditor Sterling Renaissance North LLC's attorneys, Scott R. Clar and John H. Redfield, creditor Norman Mechanical Inc.'s attorney Peter G. Swan, and Bruce Fogelson's attorney Philip J. Berenz via electronic notice.

                                                              __/s/John F. Sullivan__

John F. Sullivan, 6205900
CROWLEY & LAMB, P.C.
350 North LaSalle Street
Suite 900
Chicago, Illinois   60654
(312) 670-6900

SERVICE LIST

Bucktown Station, LLC
2731 North Lincoln Avenue
Chicago, Illinois 60614


Karen J. Porter, Esquire
The Golding Law Offices P.C.
230 W. Monroe
Suite 240
Chicago, Illinois 60606


U.S. Trustee
William T. Neary
219 S. Dearborn Street
Room 873
Chicago, Illinois 60604


Scott R. Clar, Esquire
John H. Redfield, Esquire
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle Street
Suite 3705
Chicago, Illinois 60603


Peter G. Swan, Esquire
Emalfarb, Swan & Bain
440 Central Avenue
Highland Park, Illinois 60035


Philip J. Berenz
134 N. LaSalle Street
Suite 1515
Chicago, Illinois 60602


Twenty Largest Unsecured Creditors
Trangle Decorating Company
710 Remington Road
Schaumburg, Illinois 60173

Robert Half International
2884 Sand Hill Road
Menlo Park, California 94025


General Electric Company
P.O. Box 1780
Rapid City, South Dakota 57709


Tarase Construction
7021 West 73rd Place
Chicago, Illinois 60638


Battaglia Electrical
406 West Campus Drive
Arlington Heights, Illinois 60004


Nazar Kashuba
Demchenko & Kashuba, LLC
2338 West Belmont Avenue
2nd Floor
Chicago, Illinois 60618


Chicago Furnace
4929 Lincoln Avenue
Lisle, Illinois 60532


A-American Custom Flooring
3221 West Irving Park Road
Chicago, Illinois 60630


Wigoda & Wigoda
26th Floor
444 North Michigan Avenue
Chicago, Illinois 60611


Dam Plumbing
1315 North 25th Avenue
Melrose Park, Illinois 60160

Designers Flooring
Apt. 1N
2513 North Milwaukee Avenue
Chicago, Illinois 60647

Contract Mirror
200 William Street
Bensenville, Illinois 60106

Maurre Development LLC
310 W. Oneida
Bartlett, Illinois 60103

MGM Stone
1380 Landmeier Road
Elk Grove Village, Illinois 60007

Donald Shapiro
Foresight Realty
6400 Shafer Court
Suite 475
Rosemont, Illinois 60018

The Carpet Group
2141 West Fulton Street
Chicago, Illinois 60612

Manny Amezcua
1845 North Western Avenue
Chicago, Illinois 60647

Perfection Custom Closets
7138 North Austin
Niles, Illinois 60714

JUDGE SCHMETTERER
CHAPTER 11
INITIAL HEARING DATE:
June 14, 2011, AT 1:30 P.M.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )
    BUCKTOWN STATION, LLC,                ) No. 11 B 02004
                  Debtor        )

PNC BANK NATIONAL ASSOCIATION'S MOTION *IN LIMINE* AND
SUPPORTING MEMORANDUM TO BAR EVIDENCE OR ARGUMENT BY
DEBTOR ABOUT CLAIMS PREVIOUSLY DISMISSED
BY FINAL ORDER IN STATE COURT PROCEEDINGS

NOW COMES PNC Bank National Association ("PNC"), by and through its Attorneys, Crowley & Lamb, P.C. and moves this Honorable Court for an Order *in limine* barring Debtor from introducing any evidence or advancing any argument as to any claims previously dismissed with prejudice by final order entered in State Court proceedings during hearing on PNC's Motion for Relief from Automatic Stay. In support of said Motion PNC states as follows:

**Background**

1. On January 19, 2011, Debtor Bucktown Station LLC filed its pending Chapter 11 bankruptcy, Case No. 11 B 02004. PNC filed its Motion for Relief asserting that (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

2. Debtor and PNC have stipulated that the outstanding principal and interest due PNC by is $5,382,277.36. This Court has received ample evidence that PNC is undersecured by the Property during four (4) days of trial. Debtor has not proffered any

1

competent evidence that it has equity in the Property. Thus, Debtor must establish there is a reasonable possibility of a successful reorganization within a reasonable time. *United States Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988).

3. Debtor instead seems intent on introducing evidence and advancing arguments on issues related to counterclaims asserted by Bucktown Station in PNC's foreclosure case brought in the Circuit Court of Cook County under case number 09 CH 10002. Debtor's counterclaims in the State Court action sought damages from PNC under the following theories: 1) Implied Indemnity; 2) Breach of Contract; 3) Breach of the Covenant of Good Faith and Fair Dealing; and 4) Tortious Interference with a Contract.

4. Each of Debtor's counterclaims was dismissed, with prejudice, by Order dated October 21, 2010, a copy of which is attached hereto as Exhibit A. In dismissing Debtor's State Court counterclaims the Honorable Judge Robert Quinn held that Section 11.14 of the Construction Loan Agreement clearly and unambiguously barred each and every claim for damages brought by Debtor against PNC. The transcript of proceedings October 21, 2010 is attached hereto as Exhibit B.

5. The Order dismissing Debtor's counterclaims with prejudice is a final order that "disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof." *Williams v. Ingalls Memorial Hospital*, 2011 WL 637133, at 3 (1 Dist 2011). Since there has been adjudication on the merits of Debtor's counterclaims *res judicata* bars relitigation of those issues in this Court. *Hudson v. City of Chicago*, 228 Ill.2d 462, 473-74, 889 N.E.2d 210, 217 (2008). Additionally, since Debtor's State Court counterclaims were adjudicated on the merits before Debtor's petition was filed, the only possible reason for Debtor's introduction of evidence related to the dismissed counterclaims would be to invite this Court to revisit the State Court's dismissal Order, which would implicate the *Rooker-Feldman* Doctrine.

**Bases for PNC's Motion *in Limine***

2

6. This Court "has broad powers to determine the proper method of preparing a case for trial." *Mizwicki v. Helwig, D.C., P.C.,* 196 F.3d 828, 833 (7th Cir.1999). District courts have "broad discretion over the evidence they chose to admit in a trial" (*Jansen v. Aaron Process Equip. Co.,* 149 F.3d 603, 609 (7th Cir.1998)), and may "place reasonable limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence," subject to reversal only upon "a clear showing of abuse." *M.T Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1408 (7th Cir.1991).

7. Rather than focusing on introduction of competent evidence that it has a reasonable plan of reorganization in prospect, Debtor is intent on focusing on issues related to PNC's administration of the Construction Loan Agreement and Debtor's purported damages suffered as a result thereof. Debtor's counsel spent hours trying to elicit testimony from Debtor's managing member, Bruce Fogelson, about alleged improprieties in PNC's administration of the Construction Loan, all of which testimony was stricken after PNC's objections were sustained.

8. Debtor has indicated that it intends to recall PNC Vice President Tracy Larrison in Debtor's case in chief June 14, 2011. Mr. Larrison has already been cross examined by Debtor at trial. Mr. Larrison can offer no relevant testimony as to the possibility of Debtor's successful reorganization in a reasonable time. Instead, Debtor wants to elicit testimony from Mr. Larrison about PNC's administration of the Construction Loan, issues long since adjudicated by the State Court per Exhibit A.

9. Testimony from Mr. Larrison, Debtor or any source about PNC's administration of the Construction Loan or Debtor's alleged damages resulting therefrom

3

will not materially advance any issue relevant to PNC's Motion for Relief. Rather, Debtor's focus on such immaterial sideshows will merely result in further undue delay, waste of time and needless presentation of evidence. *M.T Bonk*, at 1408.

10. Federal district courts are precluded from reviewing decisions of the state court pursuant to the *Rooker-Feldman* doctrine. *See, e.g., Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996). Not only is evidence relative to Debtor's State Court counterclaims irrelevant to PNC's Motion for Relief, this Court lacks subject matter jurisdiction to entertain such claims under *Rooker-Feldman*.

11. Inasmuch as evidence related to PNC's administration of the Construction Loan has nothing to do with the possibility of Debtor's successful reorganization within a reasonable time PNC respectfully requests entry of an Order *in limine* barring Debtor from seeking to elicit such testimony or advance arguments related to its long since dismissed State Court counterclaims.

WHEREFORE, PNC Bank National Association requests this Honorable Court enter an Order *in limine* barring Debtor and its counsel from seeking to introduce evidence or advancing argument as to Debtor's purported State Court counterclaims.

Respectively Submitted,

PNC Bank National Association

BY: /s/John F. Sullivan

ONE OF ITS ATTORNEYS

John F. Sullivan, 6205900
CROWLEY & LAMB, P.C.
350 North LaSalle Street
Suite 900
Chicago, Illinois 60654
(312) 670-6900

4

## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re:

Bucktown Station, LLC

Debtor.

Chapter 11

Case No. 11-2004

Judge Jack B. Schmetterer

### ORDER

At Chicago, Illinois in said district and division, before the Honorable Judge Jack B. Schmetterer, Bankruptcy Judge, this 14th day of June, 2011.

The matter coming to be heard upon the motion of PNC Bank, National Association, for entry of an Order, *in limine*, barring Debtor and Debtor's counsel from seeking to introduce any evidence, elicit any testimony or advancing any argument pertaining to the counterclaim Debtor advanced in the Circuit Court of Cook County in PNC's foreclosure case number 09 CH 10002, which counterclaims were dismissed, with prejudice by Order dated October 21, 2010, proper notice having been provided, this Court having heard and considered the statement of counsel for the Debtor and PNC, and this Court being fully advised in the premises;

THE COURT HEREBY FINDS:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)(K), (M) and (O) and is also a contested matter governed by F.R.B.P. 9014.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1408.

3. This Court lacks subject matter jurisdiction over the dismissed counterclaims Debtor advanced in Cook County Circuit Court case 09 CH 10002 under the *Rooker-Feldman* doctrine.

THEREFORE, IT IS HEREBY ORDERED:

4. Debtor shall not seek to introduce evidence, elicit testimony or advance arguments during trial related to Debtor's dismissed State Court counterclaims.

Enter:

_____
United States Bankruptcy Judge

Submitted By:
Counsel for PNC Bank, National Association,
successor in interest to National City Bank
John F. Sullivan, Esq.
CROWLEY & LAMB, P.C.
350 N. LaSalle Street, Suite 900
Chicago, Illinois 60654
(312) 670-6900
Attorney No. 6205900