# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: )
)
BUCKTOWN STATION, LLC ) No. 11 B 02004
)
Debtor. )

## MEMORANDUM OPINION ON
(1) DEBTOR'S MOTION FOR USE OF THE CASH COLLATERAL OF PNC BANK NATIONAL ASSOCIATION TO PAY PROFESSIONAL FEES (DOCKET NO. 189)
(2) PNC BANK NATIONAL ASSOCIATION'S MOTION TO STAY DEBTOR'S MOTION FOR USE OF CASH COLLATERAL (DOCKET NO. 197)

Ruling was recently announced on the Motion of PNC Bank National Association ("PNC") to Modify Stay, denying it conditionally. The gist of the ruling was that, if Debtor's Plan is modified to introduce clarification and schedule stages in the Plan so as to protect PNC, the Debtor may then have a viable plan of reorganization in the offing. Accordingly, it is now appropriate to decide whether the pending dispute over whether use of PNC's cash collateral may be allowed to pay the pending fee applications of Porter Law Network ($29,737.50), Brookweiner ($26,370.50), and Berenz ($17,600.00). Those three applications were not objected to as to reasonableness or necessity of the work or tasks described therein or as to amounts of fees and expenses requested. Those applications have been scheduled for **October 4, 2011, at 11:00 a.m.** in courtroom 682 for tender of orders allowing each of them in part. The orders to be entered will also, in accordance with this order, allow payment thereof out of the PNC cash collateral provided Debtor has complied with the requirement alluded to hereinabove for modification of its Plan as earlier required.

## DISCUSSION

The project known as Bucktown Station ("Station") is a completed condominium project, the unsold units of which are fully rented. Debtor is collecting the rents due thereon, and it is not contested that such rents comprise cash collateral securing the PNC interests in the Station.

In objecting to this use of its cash collateral, PNC contends that the Station real estate declined in value after PNC loaned funds to the Debtor in 2006. From the evidence hearing held on PNC's Motion to Modify Stay and from the Findings made thereafter, it appears that the Debtor's cash flow from good tenants is stable and the Station consists of quality property not shown to be diminishing in value. Indeed, the cash on hand protecting debt has improved since this Chapter 11 bankruptcy case was filed in January of this year. Debtor is only asking the 50% of the fees requested be paid now. Due to rental income generated, such payments will not diminish cash on hand below the amount held when the case was filed and these amounts will be replenished out of rents collected.

PNC is due adequate protection of its interests under 11 U.S.C. § 363(a) even though a viable Plan may be in the offing giving future protection to insure that its interest does not decline, United States Ass'n v. Timbers, etc., 484 U.S. 365 (1988). Pursuant to orders previously entered allowing use of cash collateral to pay for operations, PNC has received replacement liens and post-bankruptcy interest payments from the Debtor. The Debtor has sufficient cash on hand to pay the requested proposed fees and other post-bankruptcy administrative expenses. It has not been shown that the Station property is declining in value, or that cash on hand will diminish below the amount on hand when the case was filed, and the payments sought will be replenished out of rent collections.

PNC objected to Debtor's request to use cash collected to make payments on the three applications, and also moved to stay ruling thereon until evidence could be taken on issue relating to adequate protection. It questioned whether the property value covered all liens on the property

and asserted that PNC is undersecured and Debtors lack any equity in the property. Under Timbers, supra, adequate protection may be shown even if creditor is undersecured, and for reasons earlier stated that has been shown here.

PNC also objects to fees in defense of PNC's Motion for Relief from Stay, arguing based on a 1986 opinion of the undersigned that cash collateral may not be used to pay professional fees incurred in defense against a creditor foreclosure. That opinion opined that fees to defend such state court litigation cannot be "operating expenses." See In re ERS Landlord Assoc., 62 B.R. 328, 338-40 (Bankr. N.D. Ill. 1986). No such expenses are sought here and ERS does not apply.

## CONCLUSION

Pursuant to the foregoing discussion, the Motion of Debtor to pay one-half of the requested fees out of PNC cash collateral is allowed conditional on and provided Debtor amends its Plan to provide the clarity and changes as earlier required to afford necessary additional protection to PNC. PNC's Motion to Stay hearing on use of Cash Collateral will be **denied** and its Objection to such use will be overruled.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 1st of September, 2011.

Case No. 11 B 02004
In re: Bucktown Station, LLC
Updated: August 17, 2011

## CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on September 1, 2011, I caused to be served copies of the foregoing MEMORANDUM OPINION to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

*Dorothy Clay*
Secretary/Deputy Clerk

## SERVICE LIST

### Electronic Service through CM/ECF System

Karen J Porter
Brett M Scheive
Porter Law Network
230 West Monroe
Suite 240
Chicago, IL 60606
Counsel for Debtor

Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

James M Crowley
Francis J. Pendergast, III
John F Sullivan
Philip J Berenz
Crowley & Lamb, P.C.
350 N. LaSalle Street
Chicago, IL 60654
Counsel for PNC Bank National Association

Robert A Langendorf
134 N Lasalle Suite 1575
Chicago, IL 60606
Counsel for Bruce Fogelson

Scott R Clar
John H Redfield
Crane Heyman Simon Welch & Clar
135 S Lasalle Suite 3705
Chicago, IL 60603
Counsel for Sterling Renaissance North, LLC

Peter G Swan
Emalfarb Swan and Bain
440 Central Avenue
Highland Park, IL 6003
Counsel for Norman Mechanical, Inc.

Andrew Szot
Patzik Frank & Samotny Ltd
150 S Wacker Dr., Suite 1500
Chicago, IL 60035
Counsel for Triangle Decorating Company, LLC